UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>vs.<br><br>CHRIS GARCIA,<br><br>    Movant. | No. 2:14-cr-0294-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Chris Garcia ("movant") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 21. He argues that, in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his sentence was unlawfully increased and must be vacated. The government has filed an opposition to the motion (ECF No. 25) and movant has submitted a reply (ECF No. 26). For the reasons stated hereafter, the motion must be denied.

### Background

Movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), ECF No. 15, and on July 30, 2015, he was sentenced to 45 months incarceration. ECF No. 19. In calculating his sentence, the court relied on a Pre-sentence Investigation Report which

---

[1] This motion was assigned, for statistical purposes, the following civil case number: No. 2:16-cv-1648-MCE-EFB.

1

concluded that movant had sustained one prior felony conviction for a crime of violence – a 2004 conviction for attempted robbery under California Penal Code ("CPC") § 211. ECF No. 18 at ¶¶ 10, 33. This prior crime of violence resulted in a guidelines Base Offense Level of 22. *Id*. at ¶ 15; *see also* U.S.S.G. § 2K2.1(a)(3). His offense level was ultimately adjusted to 19 based on his acceptance of responsibility. ECF No. 18 at ¶¶ 17-19. Accordingly, his guideline range was 57-71 months (*Id*. at ¶ 80) and the court went below that range in sentencing him to 45 months.

Movant contends that, after *Johnson*, his attempted robbery conviction is not a crime of violence as defined by U.S.S.G. § 4B1.2 and, thus, the appropriate Base Offense Level was 20 rather than 22. *See* U.S.S.G. § 2K2.1(a)(4)(B). Movant argues that, adjusted for acceptance of responsibility, his offense level should have been 17 and the appropriate range should have been 46-57 months. ECF No. 21 at 2. Applying a proportionate reduction below the guidelines, he argues that his sentence should have been approximately 36 months rather than 45. *Id*.

Law Applicable to Motions Pursuant to 28 U.S.C. § 2255

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344-45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a movant must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht's* harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.") Relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346. *See also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

/////

Claims or arguments raised on appeal are not cognizable in a § 2255 motion. *See United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) (claims previously raised on appeal "cannot be the basis of a § 2255 motion."); *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979) ("[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding."). *See also Davis v. United States*, 417 U.S. 333, 342 (1974) (issues determined in a previous appeal are not cognizable in a § 2255 motion absent an intervening change in the law). Conversely, claims that could have been, but were not, raised on appeal are not cognizable in § 2255 motions. *United States v. Frady*, 456 U.S. 152, 168 (1982) (a collateral challenge is not a substitute for an appeal); *Sunal v. Large*, 332 U.S. 174, 178 (1947) ("So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal"); *Unites States v. Dunham*, 767 F.2d 1395, 1397 (9th Cir. 1985) ("Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal"). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, "the claim may be raised in habeas only if the defendant can first demonstrate either "cause" and actual "prejudice," or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted); *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (same). "Ineffective assistance of counsel constitutes 'cause' for failure to raise a challenge prior to section 2255 collateral review." *United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993).

Claims challenging the sufficiency of the evidence are not cognizable in § 2255 motions. *See United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (movant's "evidence-based" claim that "called into doubt the overall weight of the evidence against him" was not cognizable in § 2255 motion); *Barkan v. United States*, 362 F.2d 158, 160 (7th Cir. 1966) ("a collateral proceeding under section 2255 cannot be utilized in lieu of an appeal and does not give persons adjudged guilty of a crime the right to have a trial on the question of the sufficiency of the evidence or errors of law which should have been raised in a timely appeal"); *United States v. Collins*, 1999 WL 179809 (N.D. Cal. Mar. 25, 1999) (insufficiency of the evidence is not a cognizable attack under section 2255).

3

Analysis

Movant argues that attempted robbery under Cal. Penal Code § 211 is not a crime of violence under U.S.S.G. § 4B1.2 and, therefore, his enhanced sentence is invalid. Consequently, he contends that the attorney who represented him at the sentencing hearing rendered constitutionally deficient performance by failing to object to the crime of violence designation. Finally, he argues that the Supreme Court's *Johnson* decision applies retroactively to the sentencing guidelines on collateral review. The government counters by arguing that: (1) movant's claims are procedurally defaulted because he failed to raise them on direct appeal; (2) a conviction under California Penal Code § 211 remains a crime of violence; and (3) *Johnson* is not retroactively applicable to collateral guidelines challenges.

The court notes, as a preliminary matter, that it would generally elect to evaluate the procedural viability of a movant's claims before moving to a determination of their merits. Here, however, the relevant claims are based on alleged ineffective assistance of counsel and this may stand as cause for procedural default. *See Massaro v. United States*, 538 U.S. 500, 504, 509 (2003). Indeed, the Supreme Court has noted that "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective-assistance." *Id*. at 504. Whether movant's counsel was ineffective necessarily demands a prior determination on the merits of his claims – that is, her failure to object to the crime of violence designation could not have prejudiced movant if that designation was proper. Accordingly, the court begins by analyzing whether Cal. Penal Code § 211 remains a crime of violence under U.S.S.G. § 4B1.2.

The Armed Career Criminal Act's ("ACCA") definition of "violent felony" is similar to § 4B1.2's definition of "crime of violence." Under the ACCA, a "violent felony" is one that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another ("force clause"); or
>
> (ii) is burglary, arson, or extortion, [or] involves the use of explosives ("enumerated offenses clause"), or otherwise involves conduct that presents a serious potential risk of physical injury to another ("residual clause")

18 U.S.C. § 924(e)(2)(B) (clause identifiers added). Prior to August 1, 2016, § 4B1.2 defined "crime of violence" as an offense which:

4

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another ("the force clause"), or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives ("the enumerated offenses clause"), or otherwise involves conduct that presents a serious potential risk of physical injury to another ("the residual clause").

U.S.S.G. § 4B1.2 (a) (2015 version) (clause identifiers added).[2]

The Supreme Court, however, held last year that "the Guidelines, including § 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the Due Process Clause." *Beckles v. United States*, 137 S. Ct. 886 (2017). In March of 2017, after *Beckles* was handed down, movant filed a request for supplemental briefing to address the effect of that decision. ECF No. 27. The court granted that request (ECF No. 28), but movant ultimately elected to withdraw his request for supplemental briefing (ECF No. 29). The court concludes that *Beckles* is dispositive here and forecloses movant's challenge to § 4B1.2(a)'s residual clause. It necessarily follows that movant's ineffective assistance of counsel claim also fails, insofar as he is unable to demonstrate any prejudice from his counsel's failure to argue that *Johnson* should have worked to invalidate his crime of violence designation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to state a claim for ineffective assistance of counsel "the defendant must show that the deficient performance prejudiced the defense.").

/////

/////

/////

---

[2] On August 1, 2016, the guidelines were amended to strike the section's residual clause. *See* 18 U.S.C.S. Appx. § 798. Since that date, the section defines a crime of violence as one which:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2 (a) (eff. August 1, 2016). The guidelines relevant to this case, however, are those that were in effect at the time of movant's sentencing. U.S.S.G. § 1B1.11(a).

## Conclusion

It is, therefore, RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence (ECF No. 21) be denied and the Clerk be directed to close the companion civil case, 2:16-cv-1648-MCE-EFB.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: November 19, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE