**JENNIFER MOUZIS**
**Law Office of Jennifer Mouzis**
State Bar No. 200280
4825 J Street, Suite 222
Sacramento, California 95819
Telephone: (916) 822-8702
Facsimile: (916) 822-8712

Attorney for Defendant
CHRIS GARCIA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **CHRIS GARCIA,** Defendant. | CASE NO. 2:14-cr-00294-MCE-EFB-1 **STIPULATION AND ORDER REGARDING USE OF VIDEOCONFERENCING DURING DISPOSITIONAL HEARING** DATE: December 3, 2020 TIME: 10:00 a.m. COURT: Hon. Morrison C. England, Jr. |

## BACKGROUND

The defendant is scheduled to appear for a dispositional hearing on December 3, 2020 at 10AM before the Hon. Morrison C. England, Jr. On July 9th, 2020, Mr. Garcia appeared in court via Zoom for an Admit/Deny Hearing in which he admitted to Charges 1 and 2 of the Petition. (ECF 80.)

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act").  The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize supervised release revocation proceedings by video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available.

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) have materially affected and will materially affect the functioning of the federal courts generally."

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1) The admit/deny hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California; and

2) The defendant waives his physical presence at the hearing and consents to remote hearing by videoconference, and counsel joins in that waiver.

**STIPULATION**

Plaintiff, United States of America, by and through its counsel, Assistant United States Attorney Aaron D. Pennekamp, and defendant, Chris Garcia, by and through his counsel, Jennifer Mouzis, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between

individuals to potentially slow the spread of COVID-19.  The virus is thought to spread mainly from person-to-person contact, and no vaccine is currently available for general public use.

4.     These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5.     On March 17, 2020, this Court issued General Order 611, noting the President and the Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing.  The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6.     On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public.  It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act.  General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7.     On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload."  The report accompanying the Judicial Council's declaration analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations).  The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8.     On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The Dispositional hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. Under CARES Act § 15002(b), defendant consents to proceed with this hearing by video-teleconference. Counsel joins in this consent.

12. On June 29, 2020 General order 620 issued, authorizing videoconferencing for all events listed in Section 15002(b) of the CARES Act.

IT IS SO STIPULATED.

Dated: November 30, 2020         McGREGOR W. SCOTT
                                  United States Attorney

                          By:    /s/ Aaron D. Pennekamp
                                  AARON D. PENNEKAMP
                                  Assistant United States Attorney

Dated: November 30, 2020          /s/ Jennifer Mouzis
                                  JENNIFER MOUZIS
                                  Attorney for Defendant
                                  CHRIS GARCIA

//

**ORDER**

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The Dispositional hearing in this case cannot be further delayed without serious harm to the interest of justice;

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by videoconference; and

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act, General Order 614 and General Order 620, the admit/deny hearing in this case will be conducted by videoconference.

IT IS SO ORDERED.

Dated:  December 1, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE